UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RACHEL WILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-391-CLC-SKL |
| | ) | |
| CELLULAR SALES OF TENNESSEE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is the parties' joint motion for *in camera* review and approval of their confidential settlement agreement and release [Doc. 49]. The parties seek court approval of the settlement of Plaintiff's claims against Defendant arising solely under the Fair Labor Standards Act, 29 U.S.C.A. §§201-19 ("FLSA"), and also seek *in camera* review to avoid public filing of the settlement agreement in order to preserve its confidentiality. The motion has been referred to the undersigned [Doc. 50]. The parties are **DIRECTED** to file a brief (jointly or separately) in support of their motion that further addresses the issue of approving and/or sealing their confidential FLSA settlement agreement within **14 days** of entry of this order.

By way of background, when an employee's rights under the FLSA are violated, the statute provides for back pay in the amount of unpaid minimum wages and overtime compensation plus an equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). Because Congress perceived an imbalance of bargaining power between employers and wage-hour employees, *see Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945), these remedies are mandatory and not subject to bargaining, waiver, or modification by contract or settlement except in two narrow circumstances. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

1352-53 (11th Cir. 1982). Under the first of those circumstances, which are not at issue here, an employee may waive her right to bring suit when the Secretary of Labor supervises the employer's repayment of unpaid wages and overtime compensation. *See* 29 U.S.C. § 216(c).

This case presents the second circumstance, where an employee who has filed a lawsuit asserting FLSA claims against her employer may settle her case subject to judicial approval of the settlement with respect to the FLSA claims. *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (distinguishing out-of-court compromises from stipulated judgments because "the simple device of filing suits" provides the additional safeguards of "pleading the issues and submitting the judgment to judicial scrutiny"); *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. To approve such a settlement, the court must conclude that it fairly and reasonably resolves a bona fide dispute over FLSA provisions and that the lawsuit has in fact provided the adversarial context to protect the employee's interests from employer overreaching. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354-55.

A court should also separately assess the reasonableness of a plaintiff's attorney's fees in approving a settlement under the FLSA, even when the fee is negotiated as part the settlement rather than judicially determined. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." *Id.* (citations, quotation marks and alterations in original omitted).

This Court has been willing to allow the filing of FLSA confidential settlement agreements under seal, after carefully weighing the motion to seal against the long-established principle of public access to judicial proceedings under the reasoning of *Procter & Gamble Co.*

*v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996), and/or conduct an *in camera* review of FLSA confidential settlement agreements on many past occasions. Such practices, however, have recently been called into question. *See e.g., Green v. Hepaco, LLC*, 2:13-CV-02496-JPM, 2014 WL 2624900 (W.D. Tenn. June 12, 2014) (collecting and discussing cases in a single plaintiff FLSA action); *Nutting v. Unilever Mfg. (U.S.) Inc.*, 2:14-CV-02239-JPM, 2014 WL 2959481 (W.D. Tenn. June 13, 2014) (collecting and discussing cases in a multi-plaintiff collective FLSA action).

Addressing the issue of approving and sealing confidential FLSA settlement agreements, the *Green* court concluded that FLSA settlement agreements should not be filed under seal except under a "very limited circumstance where parties can make a substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to judicial documents." *Id.* at *4 (quoting *Bouzzi v. F & J Pine Rest., LLC,* 841 F. Supp. 2d 635, 639 (E.D.N.Y.2012)) (internal quotations omitted)). The *Green* court further held, an agreement settling an FLSA claim is indisputably a judicial document and a "presumption of public access" attaches to any such judicial document. *Id.* at *3 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337-38 (S.D.N.Y. 2012)). Additionally, in *Nutting*, the court held the potential for "copycat lawsuits or embarrassing inquiries" is not reason enough to defeat the presumption for public access. *Nutting* 2014 WL 2959481, at *4 (quoting *Wolinsky*, 900 F. Supp. 2d at 338-39).

I have been unable to locate any case from the Court of Appeals for the Sixth Circuit that squarely addresses the issue of either sealing or not filing the FLSA agreement in the public record when court approval of the settlement is sought. Given that the parties were not aware the Court might depart from its past practice of allowing confidential FLSA agreements to be filed under seal or not filed after *in camera* review, the parties will be given an opportunity to further

3

brief the issues presented herein by filing a brief (jointly or separately) in support of their motion no later than **14 days** from the date this order is entered. The parties' briefing should address any proposed options, such as proceeding to trial, filing the settlement agreement in the public record, or other options that they wish the Court to consider.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE